OVERSEERS OF THE POOR OF THE TOWNSHIP OF TEWKSBURY, of the County of Hunterdon, *against* OVERSEERS OF THE POOR OF THE TOWNSHIP OF WASHINGTON, in the County of Morris.

### ON CERTIORARI.

An order of two justices for issuing a distress warrant against overseers of the poor, made without any notice of the application for such distress warrant given to the overseers against whom it is to be issued, is irregular, and will be set aside.

---

This was a *certiorari* directed to two justices of the peace of the county of Hunterdon, to bring up the judgment, order and proceedings before them had, upon the complaint of the overseers of the poor of the township of Washington,

Overseers of Poor of Tewksbury *v.* Overseers of Poor of Washington.

against the overseers of the poor of the township of Tewksbury, in the case of William Blaine, a pauper. The facts, as they appeared by the certificate of the proceedings sent up by the two justices, were these : William Blaine, a pauper, whose legal settlement was in the township of Tewksbury, removed into the township of Washington, and became sick, and a charge upon the township. The overseers of Washington gave notice to those of Tewksbury of the circumstances and condition of the said pauper, and requested them to relieve and maintain him during his illness, and to remove him. This the overseers of Tewksbury neglected to do. The overseers of Washington were, therefore, obliged to maintain Blaine, the pauper, until he was in a situation to be removed. To recover the amount of their expenses for maintaining the pauper during his sickness, and previous to his removal, the overseers of Washington applied to two justices of the peace of the township of Tewksbury, in the county of Hunterdon, to issue their warrant of distress against the overseers of Tewksbury, as by the ninth section of the act "for the settlement and relief of the poor" (*Pat. N. J. Laws* 29) they are authorized to do. The said justices accordingly issued their distress warrant to levy the amount of the said expenses out of the goods and chattels of the overseers of Tewksbury. But it did not appear upon the face of the proceedings of the two justices, that the overseers of Tewksbury had any notice of the application for the distress warrant.

*Ewing* now moved to quash the order of the justices for issuing a distress warrant, upon the ground that it had been made, and the distress warrant issued, without giving any notice to the overseers against whom it was issued of the application for the same.

KIRKPATRICK, C. J. I think we have determined that there ought to be a notice to the overseers against whom

the distress is to be issued. It is contrary to the whole policy of our law that they should be condemned unheard.

FORD, J. It stands on the same footing as an order of filiation; the act does not require notice, but it has always been held necessary.

ROSSELL, J. concurred.

Let the order of the justices for issuing the distress warrant, and, also, the said distress warrant be quashed.